IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KENNETH WAYNE GOLSTON,

      Plaintiff,

      v.                                                           CASE NO.  25-3018-JWL

JEFF ZMUDA, et al.,

      Defendants.

## MEMORANDUM AND ORDER

Plaintiff and Kansas prisoner Kenneth Wayne Golston brings this pro se civil rights action under 42 U.S.C. § 1983.  Plaintiff is in custody at the Sedgwick County Jail in Wichita, Kansas and he has been granted leave to proceed in forma pauperis. The Court has conducted the statutorily required screening of the complaint and Plaintiff will be given time to file an amended complaint that cures the deficiencies identified in this order. If Plaintiff fails to timely file an amended complaint that cures the deficiencies, this matter will be dismissed without further prior notice to Plaintiff.

### I.  Screening Standards

Because Plaintiff is a prisoner, the Court is required by statute to screen his complaint and to dismiss it or any portion of it that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48-49 (1988) (citations omitted); *Northington v. Jackson,* 973 F.2d 1518, 1523 (10th Cir.

1

1992). The Court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the Court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

"[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Furthermore, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court must determine whether Plaintiff has "nudge[d] his claims across the line from conceivable to plausible." *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (quotation marks and citation omitted). "Plausible" in this context refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not met his or her burden. *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, at 550 U.S. at 570).

## II. The Complaint

Plaintiff names as Defendants in this matter more than 40 individuals, including staff at three Kansas Department of Corrections (KDOC) facilities, medical personnel at two KDOC facilities, and unnamed individuals associated with BBN Radio, a Christian radio station. (Doc. 1, p. 1-2, 6-18.) Plaintiff's claims in Counts I, II, and III of the complaint are similarly wide-ranging; they include allegations of cruel and unusual punishment in violation of the Eighth Amendment, violations of the Health Insurance Portability and Accountability Act (HIPAA), violations of

KDOC's Internal Management Policies and Procedures (IMPPs), deliberate indifference, medical malpractice, sexual harassment, violations of Plaintiff's right to privacy under the Fourteenth Amendment, and violations of his rights under the Fifth Amendment. *Id.* at 3-4. As supporting facts for the claims, Plaintiff refers the reader generally to the more than 60 pages of asserted facts attached to the complaint. *Id.* at 3-4, 19-86. Those pages, which the Court has read in their entirety, contain factual allegations regarding events that occurred at various times between the spring of 1987 and January 2025. *See id.* at 48-49. As relief, Plaintiff seeks punitive damages, compensatory damages, nominal damages, and reimbursement for the cost of medical expenses incurred over the rest of his life. *Id.* at 5.

## III. Discussion

### A. Rule 8

Rule 8 of the Federal Rules of Civil Procedure[1] requires that a complaint "contain . . . a short and plain statement of the claim showing that [the plaintiff] is entitled to relief." The purpose of Rule 8 "is 'to give opposing parties fair notice of the basis of the claim against them so that they may respond to the complaint, and to apprise the court of sufficient allegations to allow it to conclude, if the allegations are proved, that the claimant has a legal right to relief.'" *Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan.*, 891 F.2d 1473, 1480 (10th Cir. 1998) (quoting *Perington Wholesale, Inc. v. Burger King Corp.*, 631 F.2d 1369, 1371 (10th Cir. 1979)). Even liberally construing the pro se complaint and the attachments thereto, the Court cannot determine the basis of the claims alleged therein.

---

[1] The Federal Rules of Civil Procedure apply to suits brought by prisoners. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Pro se litigants must "follow the same rules of procedure that govern other litigants." See *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007); *McNeil v. United States*, 508 U.S. 106, 113 (1993) (federal rules apply to all litigants, including prisoners lacking access to counsel).

The portions of the form for identifying Count I, Count II, and Count III contain multiple general assertions of constitutional and statutory violations, without indication of the particular events on which each count is based. The additional pages attached to the complaint describe many events, but it is unclear which of those events form the basis for Count I, Count II, or Count III or which Defendant is implicated in each Count. Thus, the complaint would not give opposing parties fair notice of the basis of the claim or claims against them and it fails to comply with Rule 8.

When a plaintiff fails to comply with Rule 8, this Court is authorized to dismiss the complaint in its entirety. *See Nasious* v. *Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1162 n.3 (10th Cir. 2007); *Chavez v. Huerfano County*, 195 Fed. Appx. 728, 730 (10th Cir. 2006) (unpublished) (affirming dismissal without prejudice for violation of Rule 8 and stating that "[i]t is not the role of the court to sort through a lengthy complaint to construct the plaintiff's case"); *Triplett v. U.S. Dept. of Defense*, 2011 WL 1113551 (D. Kan. March 24, 2011) (unpublished). Rather than immediately imposing such a harsh consequence, however, the Court will allow Plaintiff an opportunity to amend his complaint to clearly set forth the defendants, claims, and supporting facts for each Count Plaintiff wishes to allege in this matter.

Plaintiff must follow the instructions on the required, court-approved complaint form and set forth the information requested therein. The Court requires the use of these forms so that it can readily determine the nature of a plaintiff's claims and the facts supporting each claim. "[T]o state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious*, 492 F.3d at 1163.

Put another way, the court-approved form helps the Court—and opposing parties—to identify the particular claims by providing specific places for a plaintiff to identify each individual

4

defendant, each count, and the facts that support each count. The Court cannot make this determination from the current complaint. If Plaintiff chooses to submit an amended complaint in this matter, he may attach additional pages to the required form as necessary, but he must clearly label any additional pages so that the Court can determine which facts support Count I, Count II, Count III, etc. Legal claims that are not designated as Counts may not be considered as a basis for any request for relief.

In the interest of efficiency, the Court will identify additional deficiencies in the complaint now before it so that Plaintiff may ensure that those deficiencies are cured in any amended complaint he may choose to file.

### B. Joinder of Claims and Parties

The complaint now before this Court does not comply with the rules on joining defendants and claims in a single action. Federal Rule of Civil Procedure 20(a)(2) governs permissive joinder of defendants and pertinently provides:

> (2) Defendants. Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Rule 18(a) governs joinder of claims and pertinently provides: "A party asserting a claim . . . may join . . . as many claims as it has against an opposing party."

While joinder is encouraged for purposes of judicial economy, the "Federal Rules do not contemplate joinder of different actions against different parties which present entirely different factual and legal issues." *Zhu v. Countrywide Realty Co., Inc*., 160 F. Supp. 2d 1210, 1225 (D. Kan. 2001) (citation omitted). The Court of Appeals for the Seventh Circuit has explained that under "the controlling principle" in Rule 18(a), "[u]nrelated claims against different defendants

belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also Gillon v. Federal Bureau of Prisons*, 424 F. Appx. 722, 725 (10th Cir. 2011) (unpublished) (where amended complaint combined separate and unrelated claims, many of them arising out of different alleged incidents against multiple defendants, the court rejected plaintiff's argument that his claims were related because they all allege constitutional violations relating to his overarching allegation of retaliation by prison officials).

In other words, under Rule 18(a), "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits." *George*, 507 F.3d at 607. Thus, under Rule 18(a), Plaintiff may bring multiple claims against a single defendant. Under Rule 20(a)(2), he may join in one action any other defendants who were involved in the same transaction or occurrence and as to whom there is a common issue of law or fact. He may not bring multiple claims against multiple defendants unless the prescribed connection in Rule 20(a)(2) is demonstrated with respect to all defendants named in the action.

It is not clear from the complaint that Plaintiff's multiple claims involve all named Defendants or that his claims against all Defendants arise from the same transaction or occurrence and involve common questions of law or fact. Even liberally construing the complaint, as is appropriate since Plaintiff proceeds pro se, the complaint appears to allege various Defendants were involved in various violations. Thus, the complaint appears to violate both Rule 18(a) and 20(a)(2). If Plaintiff chooses to file an amended complaint in this matter, the amended complaint must state (1) only those claims that arise against a single defendant or, if Plaintiff wishes to name multiple defendants, (2) only those claims that arise from the same transaction or occurrence and have common questions of fact or law. In the amended complaint, Plaintiff should limit his facts

and allegations to properly joined defendants and occurrences. If Plaintiff timely files an amended complaint that fails to comply with the joinder rules described herein, the Court may dismiss misjoined parties or sever misjoined claims without further prior notice to Plaintiff.

### C. Violations of Federal Statutes

To the extent that Plaintiff wishes to bring claims in this action based on the violation of HIPAA or the Prison Rape Elimination Act (PREA), such claims are subject to dismissal. "Section 1983 imposes liability on anyone who, under color of state law, deprives a person 'of any rights privileges, or immunities secured by the Constitution and laws.'" *Blessing v. Freestone*, 520 U.S. 329, 340 (1997). "In order to seek redress through § 1983, however, a plaintiff must assert the violation of a federal *right*, not merely a violation of federal *law*." *Id.* (emphasis in original) (citing *Golden State Transit Corp. v. Los Angeles*, 493 U.S. 103, 106 (1989)). This is because "'§ 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred.'" *See Geddes v. Weber Cty.*, 2022 WL 3371010, *3 (10th Cir. 2022) (unpublished) (internal citations and quotation marks omitted) (quoting *Graham v. Connor*, 490 U.S. 386, 393-94 (1989)).

"HIPAA does not create a private right of action for alleged disclosures of confidential medical information." *Wilkerson v. Shineski*, 606 F.3d 1256, 1267 n.4 (10th Cir. 2010). Similarly, the PREA "authorizes the reporting of incidents of rape in prison, allocation of grants, and creation of a study commission," but there is nothing in the PREA to indicate that it created a private right of action, enforceable under § 1983. *Haffner v. Geary Cty. Sheriff's Dep't*, 2019 WL 1367662, *4 (D. Kan. Mar. 26, 2019) (unpublished) (citations omitted) (collecting cases). Thus, Plaintiff cannot pursue a § 1983 claim based on the alleged failure to comply with the provisions of HIPAA or the

PREA. Any such claims in the amended complaint will be subject to dismissal without further prior notice to Plaintiff.

### IV. Amended Complaint Required

As explained above, the complaint now before the Court is subject to dismissal in its entirety because it does not comply with Rule 8. Plaintiff will be granted the opportunity to file a complete and proper amended complaint upon court-approved forms that cures these deficiencies. To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. The amended complaint is not simply a supplement to the original complaint; instead, it completely replaces the original complaint. Therefore, any claims or allegations not included in the amended complaint will no longer be before the Court. In other words, Plaintiff may not simply refer in the amended complaint to his initial complaint or the attachments thereto. The amended complaint must contain all allegations and claims that Plaintiff intends to pursue in the action, including those to be retained from the original complaint.

Plaintiff must write the number of this case (25-3018-JWL) at the top of the first page of the amended complaint and he must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff must also refer to each defendant again in the body of the amended complaint, where Plaintiff must allege facts describing the unconstitutional acts taken by each defendant, including dates, locations, and circumstances. Although Plaintiff may attach additional pages to the form complaint if necessary, he should not use the form merely to refer the Court to attached pages and he should clearly label the additional pages to indicate which portion of the form is being supplemented. If Plaintiff does not file within the prescribed time an amended complaint that cures the deficiencies discussed herein, this matter or portions of it may

be dismissed without further prior notice to Plaintiff.

**V. Motion to Appoint Counsel (Doc. 4)**

Also before the Court is Plaintiff's motion to appoint counsel. (Doc. 4.) Plaintiff states that he does not have the financial ability to retain counsel, he explains the pain and suffering he has endured, and he cites Kansas statutes and administrative regulations regarding legal representation. *Id.* Although the Court appreciates Plaintiff's circumstances and Plaintiff's distress is clear, Kansas state law does not govern appointment of counsel in a 42 U.S.C. § 1983 case, such as this one, which is brought in federal court.

There is no constitutional right to appointment of counsel in a civil case. *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995). Nor is there a federal statute that confers such a right in this case. Rather, the decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant appointment of counsel. *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006)(citing *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, the Court considers "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Rucks*, 57 F.3d at 979; *Hill*, 393 F.3d at 1115. The Court concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not yet clarified and may not be complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments. Thus, the

Court will deny the motion without prejudice to refiling if the material circumstances change.

**IT IS THEREFORE ORDERED BY THE COURT** that the motion for appointment of counsel (Doc. 4) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff is granted until **March 31, 2025,** in which to file a complete and proper amended complaint that cures the deficiencies discussed herein. The Clerk is directed to send § 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED**.

**Dated February 20, 2025, in Kansas City, Kansas.**

**S/  John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**