IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KENNETH WAYNE GOLSTON,

    **Plaintiff,**

    v.                                                              CASE NO. 25-3018-JWL

JEFF ZMUDA, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff and Kansas prisoner Kenneth Wayne Golston brings this pro se civil rights action under 42 U.S.C. § 1983, which comes now before the Court on Plaintiff's motion for reconsideration. (Doc. 8.) For the reasons explained below, the motion will be granted in part and denied in part.

### I. Background

Plaintiff began this matter by filing a complaint in which he names as Defendants more than 40 individuals, including staff at three Kansas Department of Corrections (KDOC) facilities, medical personnel at two KDOC facilities, and unnamed individuals associated with BBN Radio, a Christian radio station. (Doc. 1, p. 1-2, 6-18.) The complaint includes allegations of cruel and unusual punishment in violation of the Eighth Amendment, violations of the Health Insurance Portability and Accountability Act (HIPAA) and the Prison Rape Elimination Act (PREA), violations of KDOC's Internal Management Policies and Procedures (IMPPs), deliberate indifference, medical malpractice, sexual harassment, violations of Plaintiff's right to privacy under the Fourteenth Amendment, and violations of his rights under the Fifth Amendment. *Id.* at 3-4. As supporting facts for the claims, Plaintiff refers the reader generally to the more than 60

1

pages of asserted facts attached to the complaint. *Id.* at 3-4, 19-86. Those pages, which the Court has read in their entirety, contain factual allegations regarding events that occurred at various times between the spring of 1987 and January 2025. *See id.* at 48-49. As relief, Plaintiff seeks punitive damages, compensatory damages, nominal damages, and reimbursement for the cost of medical expenses incurred over the rest of his life. *Id.* at 5.

Plaintiff also filed a motion for leave to proceed in forma pauperis, which the Court granted on February 20, 2025. (Docs. 2, 5, and 6.) The Court assessed an initial partial filing fee of $12.00, due on April 6, 2025. (Doc. 6.) Because Plaintiff is a prisoner and proceeds in forma pauperis, the Court is statutorily required to screen the complaint and dismiss it or any portion of it that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. *See* 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). The Court conducted the screening and, on February 20, 2005, issued a memorandum and order (M&O) identifying deficiencies in the complaint that left it subject to dismissal in its entirety and granting Plaintiff time in which to file an amended complaint that cures those deficiencies. (Doc. 7.)

Specifically, the M&O explained to Plaintiff that his complaint fails to comply with Rule 8 of the Federal Rules of Civil Procedure, which requires it to "'contain . . . a short and plain statement of the claim showing that [he] is entitled to relief.'" (Doc. 7, p. 3.) Although the 90+ pages that make up the complaint and attachments thereto include many factual allegations and assert many legal violations, it was not clear which particular events formed the basis for each individual count being asserted in this action. Nor was it clear which particular defendants were involved in those events. *See id.* at 3-5.

The M&O further informed Plaintiff that the complaint does not comply with the Federal Rules of Civil Procedure that govern when claims and defendants may be joined in a single action.

2

*Id.* at 5. After setting out those rules, the M&O stated: "It is not clear from the complaint that Plaintiff's multiple claims involve all named Defendants or that his claims against all Defendants arise from the same transaction or occurrence and involve common questions of law or fact." *Id.* at 5-6. Accordingly, if Plaintiff chooses to file an amended complaint, he "should limit his facts and allegations to properly joined defendants and occurrences." *Id.* at 6-7.

Next, the M&O explained that to the extent that Plaintiff intended to assert claims based on the violation of HIPAA or the PREA, such claims are subject to dismissal because those statutes do not provide a right for Plaintiff to bring such an action. *Id.* at 7-8. Finally, the M&O denied Plaintiff's motion to appoint counsel, noting that there is no constitutional right to appointment of counsel in this case and that Kansas statutes do not govern whether this federal Court must appoint counsel to represent Plaintiff. *Id.* at 9-10. Plaintiff was granted until March 31, 2025 in which to file a complete and proper amended complaint that cures the deficiencies identified in the M&O. *Id.* at 10. He was expressly cautioned that if he "does not file within the prescribed time an amended complaint that cures the deficiencies discussed herein, this matter or portions of it may be dismissed without further prior notice to Plaintiff." *Id.* at 8-9.

On March 24, 2025, the Court received from Plaintiff a 14-page "Motion asking for Reconsideration for Counsel." (Doc. 8.) Liberally construed, this pro se motion asks the Court to reconsider its order denying the appointment of counsel and its order requiring Plaintiff to pay the full filing fee despite granting him leave to proceed in forma pauperis. The motion also expresses Plaintiff's belief that he is not qualified to comply with the Court's current requests, it reflects Plaintiff's confusion regarding the M&O, and it provides additional explanation regarding the asserted facts that led to this case, as well as requests for the Court to take action and investigate certain issues. *Id.*

3

## II. Discussion

### A. Reconsideration of the Ruling on the Motion for Leave to Proceed In Forma Pauperis

When the Court granted Plaintiff's motion for leave to proceed in forma pauperis, it assessed an initial partial filing fee of $12.00, due April 6, 2025. (Doc. 6.) Plaintiff was advised that "[t]he failure to pay the fee as directed may result in the dismissal of this matter without further notice." *Id.* In the motion for reconsideration, Plaintiff informs the Court that he has no money in his inmate account. (Doc. 8, p. 11.) All of the money that previously was in Plaintiff's account was money he had on his person at the time of his incarceration and he does not anticipate additional money being deposited to his inmate account. *Id.* at 11-12.

The Court has reviewed the inmate account statement submitted by Plaintiff (Doc. 5) and will grant the motion to reconsider to the extent that it can be liberally construed to ask the Court to lift the requirement that he pay an initial partial filing fee to proceed in this matter. But Plaintiff remains obligated to make payments toward satisfying the full $350.00 filing fee each time the amount in his inmate account exceeds a statutorily set amount. *See* 28 U.S.C. § 1915(b)(2). The Court cannot excuse Plaintiff from this obligation. To be clear, Plaintiff is no longer required to submit the initial partial filing fee of $12.00 by April 6, 2025. The prior order that the agency having custody of Plaintiff shall forward installment payments from Plaintiff's account when that account reaches the threshold amount, however, remains in effect. (*See* Doc. 6.)

### B. Reconsideration of the Denial of the Motion to Appoint Counsel

Liberally construed, the motion now before this Court asks the Court to reconsider appointing counsel to represent Plaintiff. Specifically, Plaintiff explains that preparing the complaint that initiated this case required him to revisit the extreme trauma that the Defendants

4

caused him, which led to emotional upset, severe depression, and his cellmates being moved to other cells because he "runs them off." (Doc. 8, p. 1-2.) Plaintiff feels that it is "cruel" to make him "keep revisiting this horrible living nightmare" and he advises the Court that he did not previously submit a written document that would shed more light on his circumstances out of a fear that it would upset or offend the Court and result in the dismissal of his complaint. *Id.* at 2-3. In the motion, Plaintiff provides additional details about his factual allegations and emphasizes certain issues and experiences he attributes to Defendants. *Id.* at 3-14. He asks the Court to show mercy and appoint counsel to represent him. *Id.* at 12. He asserts that "a skilled lawyer could help [him] write down what needs to be said to satisfy the Court," explaining that after years of abuse, he is at a loss as to what to do. *Id.* at 14.

    As explained in the M&O:

> There is no constitutional right to appointment of counsel in a civil case. *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995). Nor is there a federal statute that confers such a right in this case. Rather, the decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant appointment of counsel. *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006)(citing *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).
>
> In deciding whether to appoint counsel, the Court considers "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Rucks*, 57 F.3d at 979; *Hill*, 393 F.3d at 1115. The Court concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not yet clarified and may not be complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments. Thus, the Court will deny the motion without prejudice to refiling if the material circumstances change.

(Doc. 7, p. 9-10.)

It is clear from the information before this Court that Plaintiff is experiencing emotional turmoil, and the Court does not take lightly Plaintiff's described emotional state. The emotional stress caused by having to describe the events on which his claims are based, however, is not sufficient to justify the appointment of counsel. As noted above and in the M&O, there are certain factors the Court considers when deciding whether to appoint counsel. Although emotional reactions to revisiting the underlying events might affect Plaintiff's "ability to present his claims," Plaintiff has managed to write and submit over 75 pages of factual assertions in this matter; thus, it does not appear that the emotional stress completely prevents Plaintiff from presenting his claims.

Plaintiff also advises that he is confused and that he "thought he did explain and told . . . what happen[ed] and the people that [were] responsible for their crimes against the Plaintiff." (Doc. 8, p. 2.) The fact that counsel might better understand the legal rules Plaintiff must follow to pursue this case is not sufficient to justify the appointment of counsel. As noted in the M&O, the same could be said in every case. Although the Court cannot provide legal advice to Plaintiff, it emphasizes that Plaintiff should carefully read and consider the M&O, which explains the requirements established by Rule 8 and the rules on joining defendants and claims in a single action. The deficiencies in the initial complaint are not merely that Plaintiff has failed to provide sufficient detail about the events or defendants. Plaintiff should consider whether the relevant rules require more or less information then he provided in the initial complaint and how the rules require that information to be organized.

To the extent that the motion to reconsider asks the Court to appoint counsel for Plaintiff, it is denied. Because Plaintiff must file an amended complaint that cures the deficiencies identified in the M&O in order to proceed in this matter, however, he will be granted additional time in which

6

to do so. The Court will extend the deadline for filing an amended complaint to and including April 15, 2025.

### C. Requests for Investigation by the Court

In the motion for reconsideration, Plaintiff identifies multiple situations he would like for this Court to investigate. (*See, e.g.*, Doc. 8, p. 8-9 ("Plaintiff ask[s] the Courts to look at the time the money was deposited into an account in Plaintiff's name or Defendant Marie Ann Carter's name."); 9 ("Plaintiff is asking the Courts to look into Plaintiff's taxes. And also look into Plaintiff's Hutchinson Correctional Facility Institution banking account."); 10 ("Plaintiff is asking for a thorough investigation."); 12 ("Plaintiff also would like the Court to really look at his situation.").) Plaintiff is assured that the Court takes his allegations seriously and carefully considers all of the information properly before it in this matter. Federal district courts such as this one, however, do not conduct independent investigations of claims, as Plaintiff appears to request. *See Dakwins v. Newberry Cnty.*, 2024 WL 4476747, *1 (D. S.C. Oct. 11, 2024) ("[T]his Court is not an investigative body . . . ."); *Foreman v. City of Tyler, Tex.*, 2024 WL 4728910, *2 (E.D. Tex. Sept. 5, 2024) ("[F]ederal courts are ones of limited jurisdiction and do not have investigative authority to [conduct an investigation]."); *Lester v. Leach*, 2024 WL 3823823, *1 (W.D. Va. Aug. 14, 2024) ("[T]he court is not an investigative agency. Rather, the court adjudicates cases that parties present based on the evidence that they bring in support of their claims."); *Jones v. St. Louis Cnty.*, 2024 WL 3638251, *1 (E.D. Mo. Aug. 2, 2024) ("[T]his Court is not an investigative body. . . . The Court cannot investigate facts outside of the pleadings submitted to the Court."); *Lawrence v. Montana*, 2019 WL 8112485, *3 (D. Mont. Nov. 21, 2019) ("This Court is not an investigative body."); *Sturgis v. Richmond Cnty Seriff's Off.*, 2007 WL 842015, *3 (S.D. Ga. Mar. 16, 2007) ("[T]he Court's function in a § 1983 action is to rule on whether the named Defendants violated

Plaintiff's statutory and constitutional rights, not to investigate Plaintiff's criminal or civil case."). Thus, to the extent that Plaintiff asks this Court to investigate the facts and circumstances that led to this action, his request is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that the motion for reconsideration (Doc. 8) is **granted in part and denied in part**. Plaintiff is no longer obligated to pay the initial partial filing fee of $12.00 on or before April 6, 2025. He is, however, obligated to pay the full filing fee, so the Court's prior order that the agency having custody of Plaintiff shall forward payments in installments in accordance with 28 U.S.C. § 1915(b)(2) remains in effect. To the extent that the motion requests the appointment of counsel and other relief, it is denied.

**IT IS FURTHER ORDERED** that the deadline by which Plaintiff must file a complete and proper amended complaint that cures the deficiencies discussed in the M&O (Doc. 7) is extended until and including **April 15, 2025**. If Plaintiff fails to timely file an amended complaint that cures the deficiencies, this matter will be dismissed without prejudice and without further prior notice to Plaintiff.

**IT IS SO ORDERED**.

Dated March 25, 2025, in Kansas City, Kansas.

> S/ John W. Lungstrum
> JOHN W. LUNGSTRUM
> UNITED STATES DISTRICT JUDGE