IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KENNETH WAYNE GOLSTON,

                    **Plaintiff,**

v.                                                       CASE NO. 25-3018-JWL

JEFF ZMUDA, et al.,

                    **Defendants.**

**MEMORANDUM AND ORDER**

Plaintiff and Kansas prisoner Kenneth Wayne Golston brings this pro se civil rights action pursuant to 42 U.S.C. § 1983. He is in custody at the Sedgwick County Jail in Wichita, Kansas and has been granted leave to proceed in forma pauperis. (Doc. 6.) This matter comes before the Court on Plaintiff's amended complaint. (Doc. 10.) The Court has conducted the statutorily required screening of the amended complaint and, for the reasons explained below, will dismiss this matter without prejudice.

    **I.**    **The Initial Complaint**

Plaintiff filed his initial complaint in this matter in January 2025. (Doc. 1.) Therein, he named as Defendants more than 40 individuals, including staff at three Kansas Department of Corrections (KDOC) facilities, medical personnel at two KDOC facilities, and unnamed individuals associated with BBN Radio, a Christian radio station. *Id.* at 1-2, 6-18. Plaintiff's claims in Counts I, II, and III of the initial complaint were similarly wide-ranging; they included allegations of cruel and unusual punishment in violation of the Eighth Amendment, violations of the Health Insurance Portability and Accountability Act (HIPAA), violations of KDOC's Internal Management Policies and Procedures (IMPPs), deliberate indifference, medical malpractice,

1

sexual harassment, violations of Plaintiff's right to privacy under the Fourteenth Amendment, and violations of his rights under the Fifth Amendment. *Id.* at 3-4. As supporting facts for the claims, Plaintiff referred the reader generally to the more than 60 pages of asserted facts attached to the complaint. *Id.* at 3-4, 19-86. Those pages contained factual allegations regarding events that occurred at various times between the spring of 1987 and January 2025. *See id.* at 48-49. As relief, Plaintiff sought punitive damages, compensatory damages, nominal damages, and reimbursement for the cost of medical expenses incurred over the rest of his life. *Id.* at 5.

Because Plaintiff is a prisoner, the Court was required by statute to screen his complaint and to dismiss it or any portion of it that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48-49 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). The Court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the Court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

"[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Furthermore, a pro se litigant's "conclusory allegations without supporting factual averments are

2

insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court must determine whether Plaintiff has "nudge[d] his claims across the line from conceivable to plausible." *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (quotation marks and citation omitted). "Plausible" in this context refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not met his or her burden. *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, at 550 U.S. at 570).

The Court reviewed the initial complaint under these standards and, on February 20, 2025, issued a Memorandum and Order (M&O) explaining that the complaint failed to comply with Rule 8 of the Federal Rules of Civil Procedure because it failed to contain "a short and plain statement of the claim showing that [Plaintiff] is entitled to relief." (Doc. 7, p. 3.) The M&O further explained:

> The purpose of Rule 8 "is 'to give opposing parties fair notice of the basis of the claim against them so that they may respond to the complaint, and to apprise the court of sufficient allegations to allow it to conclude, if the allegations are proved, that the claimant has a legal right to relief.'" *Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan.*, 891 F.2d 1473, 1480 (10th Cir. 1998) (quoting *Perington Wholesale, Inc. v. Burger King Corp.*, 631 F.2d 1369, 1371 (10th Cir. 1979)). Even liberally construing the pro se complaint and the attachments thereto, the Court cannot determine the basis of the claims alleged therein.
>
> The portions of the form for identifying Count I, Count II, and Count III contain multiple general assertions of constitutional and statutory violations, without indication of the particular events on which each count is based. The additional pages attached to the complaint describe many events, but it is unclear which of those events form the basis for Count I, Count II, or Count III or which Defendant is implicated in each Count. Thus, the complaint would not give opposing parties fair notice of the basis of the claim or claims against them and it fails to comply with Rule 8.
>
> When a plaintiff fails to comply with Rule 8, this Court is authorized to dismiss the complaint in its entirety. *See Nasious* v. *Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1162 n.3 (10th Cir. 2007); *Chavez v. Huerfano County*, 195 Fed.

> Appx. 728, 730 (10th Cir. 2006) (unpublished) (affirming dismissal without prejudice for violation of Rule 8 and stating that "[i]t is not the role of the court to sort through a lengthy complaint to construct the plaintiff's case"); *Triplett v. U.S. Dept. of Defense*, 2011 WL 1113551 (D. Kan. March 24, 2011) (unpublished). Rather than immediately imposing such a harsh consequence, however, the Court will allow Plaintiff an opportunity to amend his complaint to clearly set forth the defendants, claims, and supporting facts for each Count Plaintiff wishes to allege in this matter.

(Doc. 7, p. 3-4.)

In the interest of efficiency, the M&O also identified other deficiencies in the initial complaint "so that Plaintiff may ensure that those deficiencies are cured in any amended complaint he may choose to file." *Id.* at 5. Specifically, the M&O identified the Federal Rules of Civil Procedure that govern joining defendants and claims in a single action and explained that the initial complaint failed to comply with those rules. *Id.* at 5-7. The M&O also explained that certain federal statutes that were referenced in the initial complaint do not provide a private right of action and thus the violation of those statutes could not be the basis for a plausible claim for relief under 42 U.S.C. § 1983. *Id.* at 7-8.

Plaintiff was granted time in which to file a complete and proper amended complaint upon the court-approved form that cures the deficiencies identified in the M&O. *Id.* at 8. He was cautioned, however, that "[i]f Plaintiff does not file within the prescribed time an amended complaint that cures the deficiencies discussed herein, this matter or portions of it may be dismissed without further prior notice to Plaintiff." *Id.* at 8-9. Plaintiff has timely filed an amended complaint. (Doc. 10.)

## II. The Amended Complaint (Doc. 10)

The Court has conducted the statutorily required screening of the amended complaint and assures Plaintiff that it has carefully read and considered each of the 79 pages and has liberally construed them, taking all facts alleged therein as true and drawing all reasonable inferences in

Plaintiff's favor. The amended complaint names 40 Defendants, including individuals who provide mental health and medical care to people incarcerated in Kansas state correctional facilities; individuals who provide mental health care to unincarcerated people in Sedgwick County, Kansas; the liaison between prison-based and community-based mental health services; an unnamed surgeon Plaintiff alleges performed unauthorized surgery on him while Plaintiff was incarcerated; employees of multiple KDOC facilities; and employees of more than one Christian radio station. (Doc. 10, p. 1-2, 6-15.)

As Count I, Plaintiff alleges the violation of the Eighth Amendment's prohibition of cruel and unusual punishment. (Doc. 10, p. 3.) In the space on the form for setting forth the supporting facts, however, Plaintiff writes only: "Institution Manual Policy [and] Procedure (IMPP) violations, Deliberate Indifference, medical malpractice." *Id.* As Count II, Plaintiff asserts the violation of his right to privacy, as guaranteed by the Fourteenth Amendment, and as Count III, he asserts the violation of his alleged Fifth Amendment right to "life, liberty, property, and the pursuit of happiness." *Id.* In the spaces for providing supporting facts for Counts II and III, Plaintiff has written only "see attached." *Id.* at 3-4.

Attached to the required form complaint are more than 60 pages of asserted facts. *Id.* at 16-79. To Plaintiff's credit, the factual allegations in the amended complaint occurred during a shorter timeframe than those in the initial complaint. Nevertheless, the facts still involve a wide scope of topics and although the facts are set forth in numbered paragraphs, there is no indication which allegations are intended to support which Count. *Id.* There are, for example, allegations involving medical mistreatment while Plaintiff was incarcerated, sexual harassment Plaintiff suffered while incarcerated and while out on parole, rape, acts taken by a confidential informant regarding money from a settlement, the food Plaintiff has received during a prior period of incarceration, and

5

medical and mental health care Plaintiff sought while out on parole.

Plaintiff also alleges that KDOC staff are manipulating his dreams, causing his bed to vibrate, and harassing him by placing green items in Plaintiff's vicinity. As relief, Plaintiff seeks $1,000,000.00 in punitive damages; $300,000.00 in compensatory damages; and nominal damages of $1.00. (Doc. 10, p. 5.)

### III.   Discussion

Even liberally construing the pro se amended complaint and taking all factual allegations therein as true, the amended complaint fails to comply with Rule 8 of Federal Rule of Civil Procedure. It also fails to comply with the Rules governing joinder of claims and defendants in a single action. Thus, Plaintiff has not cured the deficiencies that left the initial complaint subject to dismissal in its entirety.

As explained in the M&O, Rule 8 requires "a short and plain statement of the claim showing the pleader is entitled to relief." (Doc. 7, p. 3 (quoting Fed. R. Civ. P. 8(a)(2)).) Rule 8 "is designed to force plaintiffs 'to state their claims intelligibly so as to inform the defendants of the legal claims being asserted." *Baker v. City of Loveland*, 686 F. Appx. 691, 620 (10th Cir. 2017) (unpublished) (quoting *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007)). "[P]ro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure." *Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994). When a complaint is unnecessarily long or includes a lot of irrelevant information, it may "run afoul of Rule 8." *Baker*, 686 F. Appx. at 620 (citing *Mann*, 477 F.3d at 1148).

Like Plaintiff's initial complaint, the scope of the amended complaint is so broad that the Court cannot determine the precise basis or nature of Plaintiff's claims against each individual Defendant. Thus, it does not comply with Rule 8 and, as Plaintiff was warned in the M&O, it is

subject to dismissal. (*See* Doc. 7, p. 4.)

Although this Court has the discretion to allow Plaintiff another opportunity to file a complaint that does not violate Rule 8, it declines to do so. Plaintiff specifically was advised in the M&O that although he is allowed to attach additional pages to the form complaint if necessary, he "must clearly label any additional pages so that the Court can determine which facts support Count I, Count II, Count III, etc." (Doc. 7, p. 5.) The more than 60 attached pages of alleged facts are not tied clearly to a specific Count in this action.

"'It is not the role of the court to sort through a lengthy complaint to construct the plaintiff's case.'" (Doc. 7, p. 4 (quoting *Chavez v. Huerfano County*, 195 Fed. Appx. 728, 730 (10th Cir. 2006) (unpublished)).) Reviewing Plaintiff's complaints has "imposed a considerable burden" on the Court, *see Baker*, 686 F. Appx. at 620, and Plaintiff has not taken advantage of the opportunity already granted to submit an amended complaint that complies with Rule 8. (*See* Doc. 7, p. 4.) Thus, the Court declines to allow Plaintiff the opportunity to further amend his complaint. *See Jensen v. West Jordan City*, 968 F.3d 1187, 1202 (10th Cir. 2020) (explaining that refusing leave to amend is justified when there is "'failure to cure deficiencies by amendments previously allowed'").

**IT IS THEREFORE ORDERED** that this matter is dismissed without prejudice for failure to comply with Rule 8 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

DATED: This 17th day of April, 2025, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge
